WARNER, J.
In this appeal from a delinquency disposition, the juvenile argues that the court erred in denying his motion to suppress. The court determined that the officers, who were at appellant’s apartment to serve an arrest warrant on another individual, had a reasonable belief that the person sought in the arrest warrant was at the *802 address listed. Thus, the court found their entry into the premises pursuant to the arrest warrant was authorized. We conclude that there was no evidence to show that the officers had a reasonable belief that the subject of the arrest warrant was currently present in the residence. Therefore, the officers’ entry violated the Fourth Amendment. We further hold that while the juvenile consented to the officers’ entry into the premises, it was mere acquiescence to a claim of lawful authority. We therefore reverse.
Two deputies, both uniformed and armed, were responsible for serving a felony arrest warrant. The warrant contained a brief description of the individual and listed his address. The officers arrived at that address, and appellant, a sixteen year old, answered the door. The deputies explained to appellant that they were there for the arrestee and showed appellant the arrest warrant. The deputies, recognizing appellant was a teenager, asked him his name, but it was not the same as the arrestee. Appellant advised the officers that he lived there with his family, that his mother was at work, and that the man they were looking for was not in the apartment. One of the deputies asked if they could search the apartment, and appellant answered “okay.” While searching the apartment, the deputies noticed drug paraphernalia, which appellant admitted belonged to him, and they arrested him.
Appellant filed a motion to suppress, contending that the search of the apartment violated the Fourth Amendment to the U.S. Constitution because the officers had neither a reasonable belief that the arrestee was within the apartment nor consent to enter. After an evidentiary hearing, the trial court noted that the warrant listed the apartment as the suspect’s address, and the officers verified that the warrant was still active. Therefore, the court concluded that pursuant to section 901.19, Florida Statutes (2000), the officers had the ability to enter the apartment, even without consent, if they “believe it to be where the person to be arrested is or reasonably believed to be. Certainly it’s a reasonable belief when they have a felony warrant with that address on it.”
The very core of the Fourth Amendment is the right of an individual to be free from unreasonable intrusion into his or her home. See Silverman v. United States, 365 U.S. 505, 511, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961). As stated in Payton v. New York, 445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), “the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.” In Payton, the Court held that “for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.” Id. at 603, 100 S.Ct. 1371 (emphasis added). Section 901.19(1) similarly provides:
If a peace officer fails to gain admittance after she or he has announced her or his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, the officer may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
(Emphasis added).
Payton has been interpreted as requiring a twó-part test: (1) the officer must have a reasonable belief that the location to be searched is the suspect’s dwelling, and (2) the officer must have reason to believe that the suspect is within *803 that dwelling. See United States v. Bervaldi 226 F.3d 1256, 1263 (11th Cir.2000); United States v. Magluta, 44 F.3d 1530, 1533 (11th Cir.1995). As to the second inquiry, Magluta noted that the officer should be able to rely on “common sense” factors, such as a reasonable belief that a person may be at home early in the morning. 44 F.3d at 1535. And, in United States v. Risse, 83 F.3d 212, 216 (8th Cir.1996), the court stated, “the officers’ assessment need not in fact be correct; rather, they need only ‘reasonably believe’ that the suspect resides at the dwelling to be searched and is currently present at the dwelling.” (Emphasis added).
Applying that two-part test to the facts of this case, while the trial court concluded that the officers had a reasonable belief the location was the arrestee’s residence because of the address on the arrest warrant[1], there was no evidence presented that the officers had a reasonable belief that the arrest suspect was within the premises when the officers arrived at the apartment. No “common sense” factors were present to supply a reasonable belief that the suspect was there. The officers did not attempt to serve the warrant in the early morning hours but arrived in the later afternoon, at a time when appellant’s mother was still working. Other common sense factors courts have looked to were not present in this case, such as verifying the suspect’s presence through a third party or checking the immediate area for the suspect’s vehicle. Moreover, the officers were affirmatively told by appellant that the suspect was not there. Without any evidence which could form a reasonable belief that the suspect was currently present at the dwelling, the officers were not free to enter the premises based upon the arrest warrant. Their entry amounted to an unconstitutional intrusion under the Fourth Amendment.
The state alternatively argues that appellant consented to the entry. The trial court found that he had consented, and the evidence does support that he told the officers it was “okay” to enter. The question is whether appellant’s consent was voluntary. Consent is involuntary when it is based upon a mere acquiescence to lawful authority. See Bumper v. North Carolina, 391 U.S. 543, 548-49, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). In Bumper, officers arrived at the defendant’s house and advised his grandmother, who answered the door, that they had a search warrant. The grandmother took the officers at their word and allowed them to search. At the subsequent suppression hearing, the prosecutor did not rely on the warrant to justify the search but relied solely on the grandmother’s consent. The U.S. Supreme Court held:
When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search. The situation is instinct with coercion — albeit colorably lawful coercion. Where there is coercion there cannot be consent.
Id. at 550, 88 S.Ct. 1788.
In this case, the officers showed appellant the warrant, leading appellant to believe that they had the right to search the premises. We do not think a lay person, particularly a juvenile, should be expected to understand the limits of an arrest warrant and that it does not permit the officers to enter into the premises. Indeed, even the trial court was under the erroneous belief that the officers could enter the premises based upon the arrest warrant *804 alone even though there was no evidence that the suspect was within.
Because the officers were not authorized to enter the premises without consent, and the consent given in this case was involuntary as a mere acquiescence to authority, we reverse and remand with directions that the trial court vacate the orders of disposition.
KLEIN and MAY, JJ., concur.

. We do not pass on whether this is sufficient to constitute reasonable belief.